IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THOMAS SHEPPHEARD,

    **Plaintiff,**

v.                                                   **Civil Action Number:**   5:25-cv-00112

**CORRECTIONAL OFFICER**
**ROBERT CAMPBELL**

    **Defendant.**

## COMPLAINT

Comes now the Plaintiff, Thomas Sheppheard, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendant, states as follows:

1. Plaintiff, Thomas Sheppheard (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at the Southern Regional Jail (hereinafter SRJ) at the time of this incident and all relevant times herein.

2. West Virginia Division of Corrections and Rehabilitation (hereinafter "WVDCR") is a correctional institution funded, in whole or part, by the State of West Virginia. The WVDCR's principle or central office is located in Charleston, Kanawha County, West Virginia. The WVDCR is responsible for overseeing the jails and correctional facilities throughout the state.

3. Defendant, Correctional Officer Robert Campbell, was employed by the West Virginia Division of Corrections and Rehabilitation as a correctional officer at Southern Regional Jail and used unwarranted and excessive force against the plaintiff.

4. The reckless, willful and intentional acts and omissions of the defendant directly resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted all administrative remedies. Plaintiff asserts that he is seeking damages up to an amount

commensurate with the amount of insurance coverage when applicable to the claims made herein.

5. All events and occurrences alleged herein occurred in the State of West Virginia.

**FACTS**

6. Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 5 as if set forth herein.

7. On or about March 9, 2023, Plaintiff was at the Beckley Appalachian Regional Hospital ("BARH") in Beckley, Raleigh County, West Virginia. At the time of this incident, Plaintiff's hands and feet were restrained/handcuffed to the hospital bed. Defendant Campbell was present as a correctional officer from SRJ who was escorting/guarding Plaintiff during his hospitalization. While in Plaintiff's hospital room, Plaintiff and Defendant Campbell got into an argument about the television remote. The Plaintiff and Defendant exchanged words until Defendant Campbell ran at Plaintiff and repeatedly punched and struck Plaintiff while he was restrained to the hospital bed. Defendant Campbell struck Plaintiff in his face, nose, head, and body. Plaintiff was not a threat to himself, the Defendant, or anyone else at the time he was punched and beaten and he was restrained/handcuffed and shackled to the hospital bed. This was and is a clear violation of the use of force policy and a violation of Plaintiff's constitutional rights.

8. The West Virginia State Police were contacted following Defendant Campbell brutally attacking Plaintiff while he was handcuffed and shackled to the bed. Upon information and belief, pictures were taken by medical staff of Plaintiff's injuries.

9. According to the criminal complaint against Defendant Campbell, Defendant Campbell admitted to striking Plaintiff in a text message to a group of correctional officers who also work at SRJ.

10. Defendant Campbell, without any just cause, used excessive force against plaintiff

by punching and beating Plaintiff while Plaintiff was handcuffed and shackled to his hospital bed. Plaintiff suffered severe physical and emotional injuries as a result of this beating.

11. Plaintiff further asserts that he is seeking damages from the defendant up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein. The individual defendant is being sued in his individual capacity and was acting under the color of state law at all times relevant herein.

12. Defendant Campbell's conduct, carried out under the color of state law, violated WVDCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDCR. The conduct described above also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution. At no time was plaintiff a threat to Defendant Campbell, himself, or anyone else.

## COUNT I- VIOLATION OF 42 USC §1983

13. Plaintiff realleges and incorporates the above paragraphs as if fully set forth herein.

14. Defendant Campbell used unnecessary and excessive force against Plaintiff when he sprayed punched, beat, and struck Plaintiff when plaintiff did not pose a threat to himself or others. This conduct was unwarranted, unnecessary and unjustified. Defendant's actions were done to Plaintiff with the intent to inflict unnecessary harm and humiliation, embarrassment, pain and emotional distress upon him and were carried out under the color of the law of the State of West Virginia. The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America. At no time did defendant Campbell employ any efforts to temper. Defendant's conduct was unnecessary and excessive and is cruel and unusual punishment. Defendant's use of excessive force on a compliant and restrained inmate demonstrates the unconstitutional nature of the excessive force as well as the malicious intent.

15. The use of force on Plaintiff when he posed no threat to himself or others was a violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution to be free from unreasonable intrusions on his bodily integrity. Defendant Campbell's use of excessive force was cruel and unusual punishment. This cruel and unusual punishment was carried out without any just cause and was completely unwarranted. Correctional Officers such as the defendant receive training that identifies such conduct as a constitutional violation of an inmate's rights. The failure to make any effort to temper and the beating of Plaintiff while he was fully restrained is further evidence of defendant Campbell's malicious conduct.

16. The conduct of Defendant Campbell was so egregious and outrageous, so as to constitute an abuse of power in violation of Plaintiff's rights under the Eighth Amendment. Further, Defendant's acts, as set forth herein, were done while acting under the color of state law with the knowledge that such conduct violated plaintiff's constitutional rights. Defendant Campbell would have known that his conduct violated plaintiff's constitutional rights as a result of legal precedent and his training.

17. As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has suffered serious physical injury, mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendant's violation of his rights and is therefore entitled to compensatory damages as well as punitive damages against defendants as well as attorney fees and costs pursuant to 42 U.S.C.§ 1988.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant and requests that the Court award damages including, but not limited to, physical injury, medical expenses, past and future medical

expenses, damages for emotional and mental distress and punitive damages court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

THOMAS SHEPPHEARD,
By Counsel,

/s/ Paul Stroebel
Paul E. Stroebel, Esquire (WV BAR 13269)
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail:  paulstroebel1@gmail.com